USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 24, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
NEW YORK CITY DISTRICT COUNCIL OF                     :
CARPENTERS,                                           :
                                                      :
                           Petitioner,                :      15 Civ. 4560 (KPF)
                                                      :
              v.                                      :      OPINION AND ORDER
                                                      :
WJL EQUITIES CORP.,                                   :
                                                      :
                           Respondent.                :
------------------------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

Petitioner New York City District Council of Carpenters ("Petitioner") has filed this motion for summary judgment on its petition to confirm two July 1, 2014 arbitral awards (the "Awards"), issued by arbitrator Roger Maher (the "Arbitrator") in its favor. Respondent WJL Equities Corp. ("WJL"), against whom the Awards were issued, has not opposed the petition or the summary judgment motion. For the reasons set forth in the remainder of this Opinion, Petitioner's motion is granted in part and denied in part.

## BACKGROUND[1]

The parties in this action entered into a contract entitled the Independent Timbermen Agreement (the "Agreement") on March 17, 2010,

---

[1] The record references in this Opinion are taken from Petitioner's Local Civil Rule 56.1 Statement of Material Facts Not in Issue ("Pet. 56.1") (Dkt. #18), and from various exhibits to the Declaration of Lydia Sigelakis ("Sigelakis Decl.") (Dkt. #19). Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by testimonial or documentary evidence, the Court finds such facts to be true. *See* S.D.N.Y. Local Rule 56.1(c)-(d). Finally, Petitioner's supporting memorandum of law is referred to as "Pet. Br." (Dkt. #17).

which, consequent to a later agreement between the parties extending the original Agreement's duration, runs through May 31, 2017. (Pet. 56.1 ¶ 1). After the Agreement went into effect, a dispute arose between the parties regarding WJL's decisions to (i) subcontract construction work covered by the Agreement at a Con Edison job site in Astoria, Queens, and (ii) perform covered work without Union members at a separate work site in the Bronx. (*Id.* at ¶¶ 5-6).

Under Article V of the Agreement, disputes between the parties relating to the Agreement are subject to binding arbitration in front of a designated arbitrator. (Pet. 56.1 ¶¶ 2-3). Petitioner delivered a written demand to arbitrate the disagreements over the Astoria and Bronx work sites to WJL via a letter dated May 14, 2014. (*Id.* at ¶ 7). In that letter, it notified WJL that an arbitration hearing would be held on June 11, 2014. (*Id.* at ¶ 8). WJL did not seek an adjournment or extension of the hearing, but it nevertheless failed to appear on the designated date. (*Id.* at ¶¶ 9-10). The Agreement specifically provides that "in the event of the failure of either party to be present at the time and place designated for the arbitration," the arbitrator "shall have the right to conduct an ex-parte hearing . . . and shall have the power to render a decision based on the testimony before him at such hearing," which will be binding upon both parties. (*Id.* at ¶ 4). The Arbitrator thus found that the matter was properly before him pursuant to Petitioner's notice to WJL, took evidence, and considered the matters as fully submitted at the close of the July 11 proceeding. (*Id.* at ¶ 11).

On July 1, 2014, the Arbitrator issued two written Awards finding that WJL had violated the Agreement in relation to work performed at the Astoria and Bronx work sites, respectively. (Pet. 56.1 ¶¶ 13, 16). In regards to work improperly subcontracted at the Astoria site, the Arbitrator directed WJL to pay: (i) wages of $11,092.80 less statutory deductions to three carpenters, Glenn Bara, Hugh Casey, and George Narvaez, Jr., and wages of $11,956.80 less statutory deductions to carpenter Erik Smestad, for a total of $45,235.20 less statutory deductions; (ii) $43,536.00 to the New York City District Council of Carpenters Benefits Funds on behalf of the four named carpenters; and (iii) WJL's contractually-required portion of the Arbitrator's fee, which came to $950. (*Id.* at ¶ 14). The Arbitrator further found that, should a court action be necessary to enforce the terms of the Award, WJL would be liable for Petitioner's attorney's fees in the amount of $2,500. (*Id.* at ¶ 15).

Turning to the dispute relating to the Bronx work site, the Arbitrator found that WJL had violated the Agreement by performing carpentry work without Union-member carpenters. (Pet. 56.1 ¶ 16). The Arbitrator thus directed WJL to pay: (i) wages of $749.12 less statutory deductions to carpenter Patrick Devers; (ii) $725.60 to the New York City District Council of Carpenters Benefits Funds on behalf of Devers; and (iii) WJL's required portion of the Arbitrator's fee, which amounted to $950. (*Id.* at ¶ 17). As with the Award relating to the Astoria site violation, in the event that Petitioner were required to enforce the Award's terms through a court action, WJL would additionally be

3

liable for its fees and costs in the amount of $2,500. (*Id.* at ¶ 18). To date, WJL has not fulfilled its obligations under either award. (*Id.* at ¶ 20).

Petitioner filed its petition in the instant action on June 11, 2015, and served WJL by personal service on the New York Secretary of State on July 21, 2015. (Dkt. #1, 10). On August 24, 2015, Petitioner filed a motion for summary judgment on its petition to confirm the Awards. (Dkt. #16). Respondent filed a request for an extension of time to respond to Petitioner's motion on September 18, 2015 (Dkt. #21), following which the Court extended Respondent's time to file a response to October 23, 2015 (Dkt. #22). On November 10, 2015, Petitioner submitted a letter to the Court noting that Respondent had not yet filed a response to Petitioner's motion and requesting that default be entered against WJL. (Dkt. #23). The Court responded with an Order dated November 12, 2015, noting that default was typically inappropriate in actions to confirm arbitral awards, but that, in light of Respondent's failure to timely submit a response or to request a further extension, the Court would consider briefing on Petitioner's motion to be closed and would treat the motion as unopposed. (Dkt. #24).[2]

---

[2]   While Federal Rule of Civil Procedure 55 typically counsels that, upon a party's application, default be entered against a party that fails to appear in a matter, the Second Circuit has stated that it is "generally inappropriate" for a district court to enter a default judgment in an arbitration confirmation proceeding. *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Rather,

> [a] motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record.

4

## DISCUSSION

### A. Applicable Law

#### 1. Confirmation of Arbitral Awards

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards." *Id.* at 139. "Further, 'the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes.'" *Supreme Oil Co., Inc.* v. *Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quoting *New York Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997)). In such cases, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (internal quotations marks omitted); *see also Supreme Oil Co., Inc.*, 568 F. Supp. 2d at

---

*Id.* As a result, courts should treat a request for a default judgment seeking confirmation of an arbitration award "as akin to a motion for summary judgment based on the movant's submission." *Id.* at 109-10 ("[G]enerally a district court should treat an unanswered ... petition to confirm/vacate as an unopposed motion for summary judgment."). Hence it is appropriate that here Petitioner seeks not an entry of default, but rather summary judgment.

406 (holding that courts cannot review the merits of arbitration awards entered into pursuant to an agreement between an employer and a labor organization).

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted); *Hall Street Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("[A] court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected [under § 10 or § 11]." (quoting 9 U.S.C. § 9)). Generally speaking, courts in this Circuit will vacate an arbitration award "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig*, 497 F.3d at 139.[3]

---

[3] The four statutory grounds for vacatur encompass those situations in which:

> (i) the award was procured by corruption, fraud, or undue means;
>
> (ii) there was evident partiality or corruption in the arbitrators, or either of them;
>
> (iii) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (iv) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Additionally, "[a]n arbitral award may be vacated for manifest disregard only where a petitioner can demonstrate both that [i] the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and [ii] the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (internal quotation marks omitted). The "manifest disregard" standard, first announced in *Wilko*

6

In short, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle." *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *see also STMicroelectronics, N.V.,* v. *Credit Suisse Sec. (USA),* 648 F.3d 68, 74 (2d Cir. 2011) ("the showing required to avoid confirmation is very high"). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (internal citations and quotation marks omitted).

### 2. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see El Sayed* v. *Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986); *accord El Sayed,* 627 F.3d at 933. When

---

v. *Swan,* 346 U.S. 427, 436-37 (1953), was later called into question in *Hall Street Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 585 (2008) ("Maybe the term 'manifest disregard' was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them."). However, after the Supreme Court expressly declined to consider the vitality of the manifest disregard standard in *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010), the Second Circuit has "continued to recognize that standard as a valid ground" for vacatur of an arbitration award, *Schwartz* v. *Merrill Lynch & Co., Inc.*, 665 F.3d 444, 452 (2d Cir. 2011).

the moving party has asserted facts showing that the non-movant's position cannot be sustained, the opposing party must "set forth specific facts demonstrating that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings. *Wright* v. *Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted). That said, where such a motion stands unopposed, as it does here, "the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." *Vermont Teddy Bear Co.* v. *1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted).

"[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials … cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks* v. *Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting *Fletcher* v. *Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). Only disputes over material facts — "facts that might affect the outcome of the suit under the governing law" — will properly preclude the entry of summary judgment. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord SCR Joint Venture L.P.* v. *Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009).

B.  **Analysis**

  1.  **The Awards of Wages, Benefit Contributions, and a Percentage of Arbitration Costs Are Confirmed**

Petitioner has provided sufficient evidence to show that the Arbitrator's decisions regarding wages and benefits more than satisfy the "colorable

justification" threshold for confirmation by the Court.  A copy of the Agreement (Sigelakis Decl. Ex. 1) indicates that WJL was bound by specific terms regarding when and how subcontractors and non-Union workers could be employed for labor covered by the Agreement.  (*Id.* at Art. X § 2).  The Agreement further indicates that all claims arising from its terms will be subject to binding arbitration, and that Roger Maher was an agreed-upon arbitrator.  (*Id.* at Art. V §§ 1-2).

The Arbitrator's written Awards for the two disputes indicate that he found WJL had been properly notified of the proceeding; WJL neither appeared at nor sought an extension or adjournment of the arbitration hearing; and the Arbitrator heard testimony and considered evidence from Petitioner on its claims for breach of the Agreement.  (Sigelakis Decl. Ex. 4 at 1-2, Ex. 5 at 1-2). The Arbitrator found that WJL owed a total of $88,771.20 in wages and fringe benefits associated with the Astoria site (*id.* at Ex. 4 at 2), and $1,474.72 in wages and benefits associated with the Bronx site (*id.* at Ex. 5 at 2).  He further stated that, as per the Agreement, WJL would be responsible for one half of the $1,900 Arbitrator's fee, which amounts to $950.  (*Id.* at Ex. 4 at 2, Ex. 5 at 2; *see also id.* at Ex. 1 at Art. V § 2 (stating that "[t]he costs of arbitration, including the arbitrator's fee, shall be borne equally by the Employer and the Union")).[4]  These findings are in line with the written agreement, and WJL has provided no evidence that would draw them into question.  Accordingly, the

---

[4]   In light of the fact that there was only a single arbitration proceeding, the Court has been advised by Petitioner that, although there were two separate Awards, Petitioner seeks a total Arbitrator's fee contribution of $950 from WJL.

Court finds that the Arbitrator's decisions regarding wages, benefits, and arbitration costs were justified.

### 2. The Awards of Fixed Future Attorney's Fees Are Vacated

It is unclear from the face of the Agreement whether the Arbitrator had the authority under the CBA to award future costs of enforcing the Awards; of course, inasmuch as WJL has failed to respond, no argument has been provided to show that he lacked such power. *Cf. Ludgate Ins. Co.* v. *Banco De Seguros Del Estado*, No. 02 Civ. 3653 (DC), 2003 WL 443584, at *7-8 (S.D.N.Y. Jan. 6, 2003) (confirming the award of future attorney's fees and costs associated with enforcing an arbitral award where Defendant had failed to participate in the arbitration, and evidence was submitted to show that "future enforcement of the panel's award was at issue during the arbitration"). Assuming without deciding that the Arbitrator acted within the scope of his authority in awarding future attorney's fees, the Court nevertheless finds that the designation of a fixed sum for which WJL would be liable in the event that court enforcement was required to collect on the Award lacks any discernible basis. (*See* Sigelakis Decl. Ex. 4 at 2). While "the standards for certifying an arbitration award are very easy to meet, there has to be some basis, express or inferable, for the damages granted." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension, & Welfare Funds* v. *Trinity Phoenix Corp.*, No. 13 Civ. 46 (DRH) (WDW), 2013 WL 4811431, at *3 (E.D.N.Y. Sept. 9, 2013).

The Arbitrator's written decisions give no explanation of how he came to the $2,500 figure, nor has Petitioner provided any supporting documents to show where that number may have come from.  While the Court may infer the justification for an award from the facts of a case, it may not create one out of whole cloth.  Consequently, the Court vacates the respective provisions of the Awards that imposed liability on WJL for Petitioner's attorney's fees in the instant action in the amount of $2,500.

### 3. Petitioner May Seek Reasonable Attorney's Fees and Costs

Petitioner has not pointed to any provision of the CBA that would expressly provide for the Court's imposition of attorney's fees and costs on WJL in this matter.  However,

> [p]ursuant to its inherent equitable powers, … a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, … when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

*Int'l Chem. Workers Union (AFL-CIO), Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted); *accord Rhonda Enterprises S.A.* v. *Projector S.A.*, No. 08 Civ. 9563 (DLC), 2009 WL 290537, at *3 (S.D.N.Y. Feb. 6, 2009).  WJL has provided no justification for its failure to abide by the Arbitrator's decision in the present case; to the contrary, it has failed to participate at any stage of this dispute.  Consequently, the Court finds that Petitioner's attorney's fees and costs of litigation may be properly awarded.  Should Petitioner wish to move for attorney's fees and costs, it shall submit an

application and supporting documentation no later than 14 days after the date of this Opinion.

## CONCLUSION

For the above reasons, the petition to confirm the arbitration Award against Respondent WJL is GRANTED in part and DENIED in part. The Clerk of Court shall enter judgment for Petitioner, terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:	November 24, 2015
	New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge