```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
NEW YORK CITY AND VICINITY DISTRICT                   :
COUNCIL OF CARPENTERS,                                :
                                                      :
                              Petitioner,             :
                                                      :
                  v.                                  :
                                                      :
WJL EQUITIES CORP.,                                   :
                                                      :
                              Respondent.             :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 28, 2015

15 Civ. 4560 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

On June 11, 2015, Petitioner New York District Council of Carpenters, a collective bargaining organization, filed a petition to confirm two arbitration awards rendered against Respondent WJL Equities Corporation. (Dkt. #1).[1] Respondent failed to answer in a timely fashion, and Petitioner filed a motion for summary judgment on August 24, 2015. (Dkt. #16, 17). Respondent, through its counsel, then requested an extension of time to oppose Petitioner's motion, which request the Court granted in part. (Dkt. #21, 22). Despite the extension, Respondent failed to respond to Petitioner's motion, and the Court considered briefing to be closed on November 12, 2015. (Dkt. #24).

The arbitration award for which Petitioner sought confirmation in fact comprised two separate awards rendered by arbitrator Roger Maher, each of which, in turn, was composed of sub-awards for (i) wages and fringe benefits

---

[1] For convenience, Petitioner's brief in support of its application for fees is referred to as "Pet. Br." The declarations submitted in support of Petitioner's application are referred to using the convention "[Name] Decl."

owed pursuant to a collective bargaining agreement between the parties;

(ii) Respondent's contractually agreed-upon portion of the arbitrator's fee; and

(iii) future attorneys' fees and costs in the amount of $2,500, should Petitioner be required to seek judicial enforcement of the awards. The Court confirmed the awards in all respects, save the sub-awards for attorneys' fees and costs. *N.Y. City Dist. Council of Carpenters* v. *WJL Equities Corp.*, No. 15 Civ. 4560 (KPF), 2015 WL 7571835, at *5 (S.D.N.Y. Nov. 24, 2015).

As the Court noted in its Opinion, Petitioner provided no contractual basis for the award of attorneys' fees and costs, nor did the arbitrator's decision give any indication of how he came to his given figure for those fees and costs. *WJL Equities Corp.*, 2015 WL 7571835, at *5. Consequently, the Court vacated the portion of the awards concerning attorneys' fees and costs. In so doing, however, the Court noted that

> [p]ursuant to its inherent equitable powers, … a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, … when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded. *Int'l Chem. Workers Union (AFL-CIO), Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted); *accord Rhonda Enterprises S.A.* v. *Projector S.A.*, No. 08 Civ. 9563 (DLC), 2009 WL 290537, at *3 (S.D.N.Y. Feb. 6, 2009).

*Id.* The Court found that because WJL had unjustifiably failed to abide by the arbitrator's decision, Petitioner was entitled to reasonable attorneys' fees and costs and could submit an application for same. *Id.*

On December 8, 2015, Petitioner filed an application for attorneys' fees engendered by the instant confirmation proceedings in the amount of $6,175.00 — a number arrived at by billing 24.7 hours at a rate of $250 per hour — and for costs totaling $755.99. (Sigelakis Decl. ¶ 14). As of the date of this Opinion, Respondent has filed no opposition to Petitioner's application. For the reasons set forth below, the Court grants Petitioner's request for costs in the amount of $755.99, and grants its request for attorneys' fees in the reduced amount of $4,000.

## DISCUSSION

### A.   Applicable Law

To determine the amount of attorneys' fees to which a party is entitled, a court must calculate the "presumptively reasonable fee," often referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *County of Albany* (*"Arbor Hill"*), 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *accord Millea* v. *Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). This amount reflects "the rate a paying client would be willing to pay ... bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *see also Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). Courts calculate the presumptively reasonable fee by multiplying the reasonable number of hours that the case requires by the reasonable hourly billing rate. *Millea*, 658 F.3d at 166-67.

In reviewing a fee application, a district court must examine the particular hours expended by counsel with a view to the value of the work

product to the client's case.  *See Lunday* v. *City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994) (per curiam).  The court is to exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records.  *N.Y. State Ass'n for Retarded Children, Inc.* v. *Carey* ("*Carey*"), 711 F.2d 1136, 1147-48 (2d Cir. 1983).

### B.  Calculating the Attorneys' Fees

#### 1. Determining the Reasonable Hourly Rate

A reasonable hourly rate represents what "a reasonable, paying client would be willing to pay," and varies by both practice area and location.  *Arbor Hill,* 522 F.3d at 184, 192; *see generally Perdue*, 559 U.S. at 552 ("a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case").[2]  A court's determination of this rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," and may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend* v. *Benjamin Enter., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko* v. *Clinton County of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005)).

---

[2] The relevant community "is the district in which the court sits." *Farbotko* v. *Clinton County of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (citing *Polk* v. *N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

In the present case, Petitioner requests that the Court approve attorneys' fees for time spent by two attorneys, Lydia Sigelakis and Gillian Costello, each of whom billed at a rate of $250 per hour.  In support of this request, Sigelakis has submitted a declaration describing herself as a senior associate (and partner-elect) with ten years of experience representing labor unions and employee benefit plans.  (Sigelakis Decl. ¶ 3).  Costello, a partner, has even more extensive experience in labor union and employee benefit plan representation.  (*Id.*).  Additionally, the billing agreement between Petitioner and its counsel sets an hourly fee of $250, indicating that Petitioner viewed this as a reasonable rate at which to compensate its counsel in this matter.  (*Id.* at 6).  The Court finds that the hourly rate billed by Sigelakis and Costello is commensurate with the rates billed by similarly experienced in attorneys handling equivalent matters in this district.  *See, e.g., Trustees of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *ACE Scaffolding Co. Inc.*, No. 11 Civ. 8074 (JMF), 2013 WL 1703588, at *5 (S.D.N.Y. Apr. 19, 2013) (approving a billing rate of $250 per hour for an attorney with over ten years' experience representing multiemployer employee benefit plans); *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Anthony Rivara Contracting, LLC*, No. 14 Civ. 1794 (PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014) (approving a billing rate of $225 per hour for an associate in a confirmation of arbitration action); *Trustees of the N.Y. City Dist.*

*Council of Carpenters Pension Fund* v. *Anthem Contracting Inc.*, No. 11 Civ. 9167 (JGK), 2013 WL 2111285, at *3 (S.D.N.Y. May 16, 2013) (confirming arbitration award and awarding attorneys' fees at "rates ranging from $250 per hour for the most senior attorney to $90 per hour for paralegals"). The Court accordingly finds an hourly rate of $250 to be reasonable.

### 2.  Determining the Hours Reasonably Expended

The next step in the Court's analysis is to determine whether the number of hours expended by Petitioner's counsel was reasonable. In support of its fee application, Petitioner has submitted the requisite summary of time records "specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148. The Court notes that while counsel are not required to "record in great detail how each minute of [their] time was expended," and need only "identify the general subject matter of [their] time expenditures," *Hensley*, 461 U.S. at 437 n.12, vague and/or "block-billed" time records may be insufficient to substantiate a party's claimed expenditure of time. *See Thai-Lao Lignite (Thailand) Co., Ltd.* v. *Gov't of Lao People's Dem. Repub.*, No. 10 Civ. 5256 (KMW) (DF), 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012) (collecting cases). Furthermore, the Second Circuit has recognized the authority of district courts "to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application.'" *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (quoting *Carey*, 711 F.2d at 1146).

Petitioner seeks attorneys' fees for a total of 24.7 hours.  The Court finds the number of hours expended by Sigelakis and Costello to be unreasonably high:  While the rate billed by each attorney is reasonable for her respective level of experience, this matter was sufficiently simple and straightforward that one of these senior attorneys could have completed the necessary work herself, with the assistance of either a more junior attorney or a paralegal.  Obtaining judicial confirmation of arbitration awards is, after all, Sigelakis's and Costello's stock in trade, and the instant litigation involved no novel or otherwise complicated legal issues that would require two highly experienced attorneys as opposed to one.  Furthermore, a number of the entries billed at the $250-per-hour rate reflect work that could have easily been performed by a paralegal.  (*See, e.g.,* Sigelakis Decl. Ex. A (listing multiple billing entries for service-related activities)).  Consequently, rather than finding the full number of hours to be a reasonable amount of time for Sigelakis and Costello to have spent on this matter, the Court reduces the total hours reasonably expended by approximately one-third, to 16 hours rather than the requested 24.7.  *See, e.g., Adorno* v. *Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010) (noting that adjustments can be made to the number of hours "based on case-specific factors, including, for example, deductions for 'excessive, redundant or otherwise unnecessary hours'" (quoting *Quaratino*, 166 F.3d at 425)), *on reconsideration in part,* No. 06 Civ. 593 (DC), 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010); *see also Nat. Res. Def. Council, Inc.* v. *Fox*, 129 F. Supp. 2d 666, 673 (S.D.N.Y. 2001) ("The Court must 'exclude from this initial

fee calculation hours that were not reasonably expended." (quoting *Hensley* v, 461 U.S. at 435); *Tucker* v. *City of N.Y.*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (reducing the reasonable number of hours expended on a matter where "attorneys perform[ed] work that [could have been] done by a clerical person or at most a paralegal," including, *inter alia*, "the service of pleadings").

### C.  Calculating Reasonable Costs

Petitioner requests an award of litigation costs in the amount of $755.99, consisting of (i) a $400 court filing fee, (ii) $166 in service of process fees, and (iii) $189.99 in mailing fees. (Pet. Br. 7; Sigelakis Decl. ¶ 13, Ex. B). The expenses are directly related to the instant litigation, and Petitioner has submitted documentation demonstrating these expenditures. (*See* Sigelakis Decl. Ex. B). Consequently the Court finds that Petitioner is entitled to the full amount of the requested costs.

### D.  Imposition of Attorneys' Fees and Costs

Having determined both the reasonable billing rate and the reasonable number of hours expended, the Court applies the lodestar method to determine the attorneys' fees to be awarded in this matter. Accordingly, the Court multiples a $250 per hour billing rate by a total of 16 hours, and finds that Petitioner is entitled to attorneys' fees in the amount of $4,000. Petitioner is additionally entitled to costs in the amount of $755.99.

## CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that Petitioner is awarded attorneys' fees and costs in the total amount of $4,755.99.  The Clerk of Court is directed to terminate the motion at docket entry 29.

SO ORDERED.

Dated:   December 28, 2015
         New York, New York

KATHERINE POLK FAILLA
United States District Judge